IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14cv49

| | |
|---|---|
| ROBYN M. LATHAM-GRAGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 14]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 14], **GRANT** Plaintiff's Motion for Summary Judgment [# 10], and **REMAND** this case for further proceedings consistent with this Memorandum and Recommendation.

I.  **Procedural History**

Plaintiff filed an application for disability insurance benefits on March 23, 2010. (Transcript of Administrative Record ("T.") 180-85.) Plaintiff alleged an

onset date of November 7, 2007. (T. 180.) It appears, however, that Plaintiff then amended her alleged onset date to September 8, 2007. (T. 12, 35, 231.) The Social Security Administration denied Plaintiff's claim. (T. 102-12.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 113-21.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 30-68.) The ALJ then issued a decision finding that Plaintiff was not disabled beginning March 31, 2011. (T. 12-23.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council. (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his September 10, 2012, decision the ALJ found that Plaintiff has not been disabled under Section 216(i) and 223(d) of the Social Security Act from the alleged onset date through December 31, 2011. (T. 22.) The ALJ made the following specific findings:

(1) The claimant last met the insured status requirements of the Security Act on December 31, 2011.

(2) The claimant did not engage in substantial gainful activity during the period from her alleged onset date of September 8, 2007 through her date last insured of December 31, 2011 (20 CFR 404.1571 *et seq.*).

(3) Through the date last insured, the claimant had the following severe impairments: rheumatoid arthritis; fibromyalgia;

-3-

Raynaud's disease; depression; and anxiety (20 CFR 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she could frequently, but not continuously, reach with the right arm, and should avoid concentrated exposure to irritants and hazardous conditions. Mentally, she could perform simple routine tasks, with simple short instructions, simple work related decisions, and few work-place changes.

(6) Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on April 10, 1969 and was 42 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant was not under a disability, as defined in the Social Security Act, an any time from September 8, 2007, the alleged onset date, through December 31, 2011, the date last insured (20 CFR 4041520(g)).

(T. 14-22.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id.

Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.    Analysis[1]

A.    **The ALJ Erred in Considering the Opinion Evidence**

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the
discretion to give less weight to the testimony of a treating physician in
the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a non-treating medical

source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a non-treating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in the weight he assigned to the opinion of Sally Nicks, M.D., Steven Mendelsohn, M.D., Ph.D, David Cline, M.D., and nurse practitioner Margaret Lewis. In addition, Plaintiff challenges the weight given to the opinions of Cordula Davis, M.D., Joshua Broman-Fulks, Ph.D, Frank Virgili, M.D. and Nancy Herrera, Ph.D. Upon a review of the entire record, the Court finds that the ALJ erred in evaluating the opinion evidence of Dr. Cline.

Dr. Cline provided a medical opinion dated July 8, 2010, in which he opined as to Plaintiff's physical limitations and how those limitations would impact her ability to work. (T. 503-06.) The ALJ noted the opinion of Dr. Cline but determined that the opinion of Dr. Cline was entitled to little weight. Specifically, the ALJ found that the opinion of Dr. Cline was entitled to "little weight because there was no examination . (sic) there was no explanation provided as to how he

reached his opinion but only a check off list." (T. 20.) The ALJ also found that the opinion was inconsistent with his examination and the other medical records. (T. 20.)

As a threshold matter, the record is clear that Dr. Cline did conduct a physical exam of Plaintiff. (T. 505-08.) The ALJ's determination that the opinion of Dr. Cline was entitled to little weight "because there was no examination" was clearly erroneous. Moreover, it is unclear how Dr. Cline's opinion is inconsistent with his examination and the other medical records as stated by the ALJ. The ALJ offers no explanation for his reasoning, and the Court is left to review two conclusory statements by the ALJ without explanation.[2] As a result, the Court is simply unable to conduct any meaningful review of the ALJ's decision.

Finally, the opinion of Dr. Cline is not a check list opinion offered without explanation as described by the ALJ. Upon a review of the entire record, the Court finds that the decision of the ALJ to assign little weight to the opinion of Dr. Cline was erroneous. Having determined that the ALJ erred in assigning little weight to the opinion of Dr. Cline, the Court cannot say what impact this determination had on the overall decision of the ALJ or Plaintiff's RFC. Although it is conceivable

---

2  In fact, from a review of the record, it appears that the opinion of Dr. Cline is largely consistent with the medical records and his examination.

that the ALJ could reach the same determination as to Plaintiff's RFC even without rejecting the opinion of Dr. Cline, this is a decision for the ALJ and not this Court. Accordingly, the Court **RECOMMENDS** that the District Court **REMAND** this case for further proceedings.

### B. Plaintiff was Provided a Full and Fair Hearing of Her Claims

Although the Court finds that the ALJ erred in weighing the opinion evidence in the record, the Court will also address Plaintiff's other primary argument for the benefit of the District Court in case the District Court disagrees with this Court's determination regarding the opinion evidence.[3] In addition the alleged errors in weighing the opinion evidence in the record and the impact these errors had on the ALJ's RFC determination, Plaintiff also contends that the ALJ erred because he did not provide Plaintiff a full and fair hearing.

A claimant in a social security case is entitled to a full and fair hearing of her claims. Sims v. Harris, 632 F.2d 26, 27 (4th Cir. 1980). In some circumstances, the failure to hold such a hearing could constitute sufficient grounds to remand a case for the taking of additional evidence. Id. As the United States District Court for the Eastern District of North Carolina explained in Kearney v. Astrue, 730 F. Supp.2d 482, 484 (E.D.N.C. 2010):

---

3  In light of the Court's recommendation that the District Court remand this case, the Court will not address Plaintiffs largely undeveloped argument related to the ALJ's credibility determination.

> A remand is appropriate where a claimant's representative was inadequate and the representative's failings prejudiced the claimant. Arms v. Gardner, 353 F.2d 197 (6th Cir.1965) ("his attorney failed and was admittedly unable to give him the legal assistance he should have had to present his evidence and to cross-examine the witnesses produced at the hearing to contradict his claims. Under these circumstances claimant cannot be held to have had the full hearing that he was entitled to."). Additionally, "[w]here the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." Marsh v. Harris, 632 F.2d 296 (4th Cir.1980). The ALJ may not neglect this duty where the claimant is represented. Fleming v. Barnhart, 284 F.Supp.2d 256, 272 (D.Md.2003). Rather, "the ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986). In either event, a remand is proper where the Commissioner's decision "might reasonably have been different had that evidence been before (her) when (her) decision was rendered.'" Sims, 631 F.2d at 28 (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir.1979)).

Claimant, who was represented at the hearing by Russell Desparte (T. 32), contends that she was denied a full and fair hearing because the ALJ unfairly questioned her at length regarding her activities of daily living and failed to adequately question Plaintiff to fully develop the record. Plaintiff's argument is without merit.

A review of the transcript of the hearing before the ALJ demonstrates that Plaintiff received a full and fair hearing. The ALJ asked Plaintiff about her impairments and Plaintiff responded that her biggest problem was the pain she was

in. (T. 36.) The ALJ questioned Plaintiff about the pain, as well as the other impairments Plaintiff claimed impacted her ability to work. (T. 36-8.) Plaintiff's representative also questioned Plaintiff about her impairments, and how those impairments and limitations would limit Plaintiff's ability to work. (T. 58-61.) In addition, the ALJ asked Plaintiff about her work history (T. 38-41.) Although the ALJ did question Plaintiff at length about her daily activities, these questions were pertinent in order for the ALJ to properly assess Plaintiffs RFC in light of Plaintiff's contention that pain was her biggest problem. Examining how pain affects a claimant's routine life is a fair way for an ALJ to evaluate a claimant's subjective complaints of pain. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (Hall, J., concurring); Freeman v. Halter, 141 F. Supp.2d 592, 600 (W.D.N.C. 2001) (Horn, C. Mag. J.); Pittman v. Massanari, 141 Supp. 601, 609 (W.D.N.C. 2001) (Horn, C. Mag. J.); Pruitt v. Colvin, No. 5:13-CV-00124, 2014 WL 1713832, at *4 (W.D.N.C. Apr. 30, 2014) (Cogburn, J.) (unpublished). Upon a review of the record, including the transcript of the hearing before the ALJ, the Court finds that Plaintiff received a full and fair hearing and remand is not required on this issue.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 14], **GRANT** Plaintiff's Motion for Summary Judgment [# 10], and **REMAND** this case for further proceedings consistent with this Memorandum and Recommendation.

Signed: June 25, 2015

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).