UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00049-MOC-DLH

| | | |
|---|---|---|
| **ROBYN M. LATHAM-GRAGG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

### I. Background

Plaintiff protectively filed her application for disability insurance benefits on March 23, 2010, alleging that she became disabled and unable to work on September 8, 2007 (Tr. 12, 180-85). After denial of her application initially and upon reconsideration (Tr. 12, 71-99, 102-22), a hearing was held on May 21, 2012 before Dana Rosen, the Administrative Law Judge ("ALJ") for de novo consideration of Plaintiff's claim (Tr. 12, 30-68). On September 10, 2012, the ALJ, upon consideration of the entire record, issued her decision that Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 9-23). On February 12, 2014, the Appeals Council denied Plaintiff's request for

1

review (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner, subject to review by this court.

After the parties filed motions for summary judgment, The Honorable Dennis L. Howell, United States Magistrate Judge, issued his Memorandum and Recommendation for this case (#18). Judge Howell recommended that this case be remanded to the Commissioner exclusively for more expansive analysis of the opinion of Dr. David Cline (#18 at 8-10). Judge Howell found the ALJ's reasoning to be flawed, as while the ALJ said she gave little weight to Dr. Cline's opinion due to the lack of an examination, Judge Howell noted that the record indicated an examination had indeed been performed (Id.). Additionally, Judge Howell found fault with the ALJ's failure to explain how and why Dr. Cline's opinion was inconsistent with the rest of the record (Id.). However, though Plaintiff argued for remand on other issues, Judge Howell recommended denying other allegations of error (#18 at 10-11). Both Plaintiff and Defendant have filed objections to the Memorandum and Recommendation, and the matter is now ripe for review.

**II.    Standard of Review**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de*

*novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation and the record in regards to Plaintiff and Defendant's respective objections.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**III. Analysis**

Defendant objects to the Memorandum and Recommendation, arguing that Judge Howell misconstrued the ALJ's statements. Defendant suggests that the ALJ was aware of the examination, but was instead criticizing how limited, and therefore lacking, Dr. Cline's examination of Plaintiff was. Defendant also argues that the ALJ's subsequent analyses of other medical opinions is sufficient to highlight how Dr. Cline's opinion is inconsistent with the record.

However, this court finds there is little for Judge Howell to misconstrue. The entirety of the ALJ's reasoning for giving Dr. Cline's opinion little weight is as follows:

> This opinion is given little weight because there was no examination . (sic) there (sic) was no explanation provided as to how he reached his opinion, but only a check off list. Moreover, his onion (sic) is not consistent with his examination and the other medical records.

(Tr. at 20). The court agrees with Judge Howell that, contrary to the ALJ's assertions, there was an examination of Plaintiff and it was more than merely a "check off list." And while Defendant's objection provides a potentially valid line of reasoning for why Dr. Cline's opinion is inconsistent with the record, Judge Howell correctly noted that the ALJ failed to describe that line of reasoning herself. As a result, the court overrules Defendant's objection to the Memorandum and Recommendation.

Additionally, though the Memorandum and Recommendation supports granting Plaintiff's motion for summary judgment, Plaintiff also objects to the Memorandum and Recommendation on five counts. Defendant filed a response to Plaintiff's objection, where Defendant states Judge Howell properly dealt with the first four counts of Plaintiff's objection and Defendant only contests the fifth count of Plaintiff's objection. The court will address each count seriatim.

   a. *Objection #1: Opinion evidence from other doctors*

Plaintiff first argues that Judge Howell neglected to specifically address Plaintiff's contentions concerning the opinion evidence of doctors besides Dr. Cline. However, the court notes that Judge Howell listed off all eight opinions relating to Plaintiff's allegations of error, and subsequently stated that a review of the entire record supported an error only in the ALJ's evaluation of Dr. Cline's opinion. The court is not aware of any requirement that a magistrate judge provide a comprehensive analysis of every

4

opinion relating to Plaintiff's allegations of error. Nor does Plaintiff provide any legal support to the contrary. As such, the court overrules Plaintiff's first objection.

    b.  *Objection #2: Full and fair hearing*

Plaintiff next argues that Judge Howell wrongly recommended that Plaintiff had received a full and fair hearing. Judge Howell found that the ALJ questioned Plaintiff about her pain, other impairments, and impact on daily life to assess Plaintiff's residual functional capacity, and that these questions support that Plaintiff received a full and fair hearing. Plaintiff objects, contending that the ALJ's failure to ask questions about any of Plaintiff's other impairments or limitations and other relevant matters means that Plaintiff did not receive a full and fair hearing, and the court should remand for a new hearing.

The court agrees with Judge Howell that the ALJ's questions were sufficient to constitute a full and fair hearing. In particular, the court notes that when the ALJ asked if pain was primarily the cause of her disability, Plaintiff replied in the affirmative. When the ALJ asked if there were any other problems, Plaintiff replied that she had difficulty concentrating, but that even that was tied to the pain, and did not mention any other significant impairments. As such, Plaintiff can hardly claim that the ALJ failed to give her a full and fair hearing on other matters when Plaintiff herself removed any other matters from contention through her statements limiting the source of her disability to her pain. Consequently, the court overrules this objection.

    c.  *Objection #3: Plaintiff is incapable of performing medium work*

Next, Plaintiff argues that her case should also be remanded due to the ALJ's finding that Plaintiff is capable of medium work. Plaintiff notes that, at the time she

applied for disability, she was approximately 5'4" and weighed 145 pounds. Plaintiff argues that her size thus makes performing medium work, which requires lifting of weight up to 50 pounds, all but impossible. Additionally, Plaintiff argues that since the ALJ found Plaintiff's rheumatoid arthritis, fibromyalgia, and Raynaud's disease to be severe, the ALJ could not also find her capable of performing medium work.

Here, the court finds that remand is not justified on these grounds, as the ALJ provided sufficient justification in finding Plaintiff capable of medium work. For example, while Plaintiff's stature may be slight, the ALJ gave great weight to opinions noting Plaintiff's full grip strength and full strength in the upper and lower extremities, with no limitations due to rheumatoid arthritis and joint pains. This would support a finding that Plaintiff is capable of medium work. Further, the court finds that the ALJ's finding of Plaintiff's ailments as severe does not automatically preclude finding Plaintiff is capable of medium work. As a result, the court overrules this objection.

d. *Objection #4: The ALJ improperly assessed Plaintiff's credibility*

Plaintiff next argues that the ALJ improperly assessed Plaintiff's credibility, but provides little support for this argument. The court finds this objection baseless, as the ALJ pointed to multiple contradictions that diminish Plaintiff's credibility. For example, the ALJ noted that, while Plaintiff complained of great pain and inability to sit for longer than 30 minutes, Plaintiff had no trouble driving almost three hours to her hearing or sitting in church for an hour. As a result, the court finds no issue with the ALJ's assessment of Plaintiff's credibility and overrules this objection.

e. *Objection #5: Remand is required by* <u>Mascio v. Colvin</u>

Finally, Plaintiff argues that remand is also triggered by the recent decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Plaintiff argues that the ALJ's treatment of Plaintiff's concentration deficiencies was inadequate just as it was for the plaintiff in Mascio. Plaintiff notes that the ALJ only accounted for Plaintiff's moderate difficulties in concentration, persistence, and pace by limiting Plaintiff to a setting with routine tasks and simple, short instructions, simple work-related decisions, and few workplace changes. Plaintiff argues that this is insufficient, as the Fourth Circuit found in Mascio that "the ability to perform simple tasks differs from the ability to stay on task" and only the latter would account for "limitation in concentration, persistence, or pace." Mascio, 780 F.3d at 638. If the ALJ only accounted for limitations in concentration, persistence, or pace by limiting a claimant to simple tasks and provides no further explanation, the Fourth Circuit requires remanding the case. Id. Plaintiff argues the case should also be remanded on this count, as the reasoning of the ALJ here is identical to the flawed reasoning of the ALJ in Mascio. In their response, Defendant contends that the ALJ provided sufficient explanation of Plaintiff's limitations in concentration, persistence, and pace, noting that the ALJ cited to examples of daily activities and a psychologist's opinion in justifying Plaintiff's residual functional capacity.

Here, the court agrees that the ALJ's reasoning is similar to that in Mascio. While the court agrees with Defendant that the ALJ may have provided sufficient explanation of Plaintiff's limitations in concentration, persistence, and pace, the court believes that under current Fourth Circuit precedent, the ALJ must directly explain how he accounted for said limitations in Plaintiff's residual functional capacity, such that the court may

7

properly review his analysis.

As such, the court finds the ALJ erred in failing to explicitly connect Plaintiff's moderate difficulties in concentration, persistence, and pace to the limitations on Plaintiff's residual function capacity. It is entirely possible that the ALJ may find that these difficulties do not affect Plaintiff's ability to work, and therefore continue to exclude these difficulties from the hypothetical presented to the vocational expert. However, the court finds that the ALJ did not offer sufficient explanation here. Therefore, remand is in order on this count as well.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#18) is **AFFIRMED WITH MODIFICATION**, Plaintiff's Motion for Summary Judgment (#10) is **GRANTED**, Defendant's Motion for Summary Judgment (#14) is **DENIED**, and this case is remanded for further proceedings consistent with this Order.

Signed: July 30, 2015

Max O. Cogburn Jr
United States District Judge